# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**JAVIER REYES,**<br><br>　　　　　　Defendant. | Case No. 04 CR 970<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant Javier Reyes' ("Reyes") Motion for a Sentence Reduction (Dkt. No. 232) is granted. Accordingly, the Court reduces his sentence from 300 months to 180 months, while leaving intact all other aspects of his criminal conviction.

## I. BACKGROUND

The Court incorporates the facts set out in its previous ruling. *See United States v. Reyes*, 16-cv-5538, Order, Dkt. No. 31 (denying § 2255 motion) ("Habeas Order"); *United States v. Reyes*, 542 F.3d 588 (7th Cir. 2008) (affirming conviction). In January 2005, a jury convicted Reyes of conspiracy to commit bank robbery, bank robbery, and possessing and brandishing a handgun in connection with the bank robbery. *Reyes*, 542 F.3d at 590. The Court determined that Reyes qualified for sentencing as a career offender

based on prior convictions, calculating his advisory guidelines range to be 360 months to life in prison. Habeas Order at 2. The Court imposed a 60-month sentence for the conspiracy charge, to be served concurrently with a 216-month sentence for the bank robbery. The Court also sentenced Reyes to 84 months on the handgun count, to be served consecutively, for a total of 300 months. *Reyes*, 542 F.3d at 591. Reyes now brings this Motion for a sentence reduction, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). He seeks compassionate release or a reduction in his sentence for "extraordinary and compelling reasons."

## II. DISCUSSION

Section 603 of the First Step Act amended § 3582(c)(1)(A) to allow defendants to petition courts directly for compassionate release the earlier of either fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate relief] on the defendant's behalf" or after 30 days of the facility warden receiving the defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A); First Step Act § 603. Reyes has met that procedural requirement, so his petition before the Court is proper.

A sentencing court can reduce an imposed sentence upon a showing of "extraordinary and compelling reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Two things are statutorily required for the Court to reduce a sentence because of extraordinary and compelling circumstances. The Court must first find that the reduction conforms with "applicable policy statements issued by the Sentencing Commission;" second, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a)." *Id.* § 3582(c)(1).

**A. U.S. Sentencing Commission Policy Statements**

A court's order for a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission guidelines state that "the court may reduce a term of imprisonment . . . if, after considering [the § 3553(a) factors] . . . the court determines" that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g); and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

*1. Extraordinary and Compelling Circumstances*

Accordingly, Courts must first determine whether a defendant has extraordinary and compelling reasons warranting a sentence

reduction. The Sentencing Commission outlines four situations where extraordinary and compelling reasons exist:

> 1. If a Defendant suffers from a terminal illness or a serious medical condition, a serious functional or cognitive impairment, or experiences "deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" *Id.* § 1B1.13 cmt. n.1(A).
>
> 2. If a defendant is at least 65 years old, is experiencing serious deterioration in health because of aging, and has served at least ten years or 75 percent of his sentence, whichever is less. *Id.* § 1.B1.13 cmt. n.1(B).
>
> 3. The defendant's family circumstances warrant release, including the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's partner, if the defendant would be the only available caregiver. *Id.* § 1.B1.13 cmt. n.1(C).
>
> 4. If "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1.B1.13 cmt. n.1(D).

U.S.S.G. § 1B1.13 cmt. n. 1. This fourth factor evinces broad discretion for the BOP and courts in determining what constitutes an extraordinary and compelling circumstance. Indeed, the guidelines place only the restriction that "rehabilitation of the defendant is not, *by itself*, an extraordinary and compelling reason for purposes of this policy statement." *Id.* § 1.B1.13 cmt. n.3 (emphasis added). Moreover, other sections of commentary reinforce the grant of authority to decision-makers to determine what is an

extraordinary and compelling circumstance: "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* § 1.B1.13 cmt. n. 2. Finally, the Sentencing Commission policy statements recognize the discretion and power of courts in deciding whose circumstances qualify as extraordinary and compelling:

> [t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of the reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, *and whether the defendant is a danger to the safety of any other person or to the community.*"

U.S.S.G. § 1.B1.13 cmt. n.4 (emphasis added).

Accordingly, the Court must consider whether any identifiable extraordinary and compelling circumstances exist in Reyes's case. Reyes argues that the sentence imposed was excessive and that he has served most of it and, because of that and because he has compiled a record of rehabilitation, the Court should grant him a sentence reduction. The Government argues that this cannot be an extraordinary and compelling circumstance because the policy statement's first three listed reasons are all inherently individual. But the Court sees no evidence in the text that the

catch-all provision is so constricted, and in any case, Reyes's excessive sentence is an individual and personal circumstance.

Further, Reyes attached a letter from an aunt who has stage four cancer and who notes that managing her care has been difficult for the Reyes family. (Reyes Memo at 55, Dkt. No. 234.) She writes that "[Reyes's] help is desperately needed." (*Id.*) The policy statement's third condition mentions only a spouse or dependent children, but the Court again notes that the "other" condition is meant to give discretion and especially recognize non-traditional family arrangements and the need for others in the family to contribute when a relative is sick. Thus, Reyes's family circumstances contribute to allowing the Court to make a finding that extraordinary and compelling circumstances exist.

Finally, although rehabilitation *alone* cannot be an extraordinary and compelling circumstance, see 28 U.S.C. § 994(t), the Court is entitled to consider rehabilitation and give it appropriate analytical weight. The Court finds that Reyes has compiled an impressive record of rehabilitation. He has completed thousands of hours of coursework, worked as a teaching assistant for English as a Second Language and high school equivalency courses, helped design curriculum for a course seeking to lower recidivism through personal accountability training, and cared for inmates placed in solitary confinement due to suicide attempts.

(*See* Reyes Memo. at 26–44.) Based largely on this record, the Court finds that Reyes has put his time in prison to good use. And, considered with the long sentence length, the fact that he has served most of his sentence, and the help he can give his family in caring for his sick aunt, the Court finds that Reyes has demonstrated extraordinary and compelling circumstances.

The Government urges the Court to adopt the narrowest interpretation of this policy statement, arguing that Reyes cannot obtain relief because his circumstances do not obviously comport with the commentary's first three delineated reasons. The Court agrees with the Government that the Sentencing Commission's policy statements are binding on the Court but finds that the Government's narrow interpretation of the Sentencing Commission's commentary is not justified by its text. The Government notes that the grounds for compassionate release "identified by the Commission are all based on inherently individual circumstances—health, age-based disabilities, and family responsibilities." (Resp. at 9, Dkt. No. 239.) While this is true, the commentary's text is clear that these grounds are not exclusive. Finally, while courts are not to consider rehabilitation on its own as an extraordinary and compelling circumstance, the text makes it clear that courts can consider whether a defendant has been rehabilitated. And the text

also offers no guidance on how courts should weigh rehabilitation relative to other factors, again suggesting broad discretion.

### 2. *Danger to Community*

The Sentencing Commission also requires the Court determine whether a defendant is a danger to his community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). The relevant factors in this section are: (1) the nature of the charged offense; (2) the defendant's history and characteristics, including the person's character and whether the person was on parole or probation at the time of the offense; (3) the nature and seriousness of the danger to the community posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

The Court finds that Reyes does not pose a danger to his community based on these factors. The nature of Reyes's crimes is very serious, and Reyes had a criminal history of violent crimes prior to that conviction. But recidivism is less likely with age, and Reyes is now 50 years old. The Court is optimistic he will lead a law-abiding life after release. Reyes's record of rehabilitative activity in prison also tends to show that he is unlikely to be a danger to his community. *See Pepper v. United States*, 562 U.S. 476 at 491 ("In assessing . . . deterrence, protection of the public and rehabilitation . . . there would seem to be no better evidence than a defendant's post-incarceration

conduct.") (citation omitted). Moreover, it does not appear that Reyes was on probation or parole at the time of his crime; further, Reyes has no recent prison disciplinary infractions that the Court is aware of, and the Government has presented none. Finally, Reyes's activity in his prison community, where he has served as a leader in his prison community by being a mentor and instructor to other inmates, is strong evidence that Reyes will not pose a danger to his community upon his release.

### 3. Consistency with Policy Statement

The third § 1.B1.13 factor is that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(3). The commentary states that any "reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement." *Id.* § 1.B1.13 cmt. n. 5. Although this comment makes no mention of the court's role, the Commission created the commentary before the First Step Act amended § 3582 to allow prisoners to petition courts directly. For this reason and for the reasons stated in the Court's analysis of subdivisions (1) and (2), the Court finds that reducing Reyes's sentence is consistent with the policy statement.

### B. Section 3553(a) factors

After determining that a sentence reduction is consistent with the Sentencing Commission policy guidelines, the Court turns

to the § 3553(a) factors. Any sentence reduction must comport with the statute. These factors require courts to consider both utilitarian and retributivist principles in imposing sentences: defendants should receive sentences of adequate length relative to the severity of their crimes, but also long enough to make them examples to others who consider committing similar crimes. The factors require courts to consider the need to provide defendants with the necessary educational or vocational training, and also to incapacitate defendants who threaten the public. *See generally* 18 U.S.C. § 3553(a). In this case, the most relevant factors include: (1) "the nature and circumstances of the offense, and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the crime; (3) to afford adequate deterrence; (4) to protect the public; and (5) to "provide the defendant with needed educational or vocational training." *Id.*

An evaluation of the § 3553(a) factors demonstrates that a sentence reduction is warranted. Reyes's crime was very serious, and his prior criminal record is troubling. The Court does "not mean to denigrate the gravity of his offenses by pointing out that he [did not harm anyone in the robbery]; but that fact is relevant to deciding whether the sheer enormity of his conduct warrants [further] imprisonment . . . as a matter of retributive justice." *United States v. Jackson*, 835 F.2d 1195, 1198 (7th Cir. 1987)

(Posner, J. concurring). The Court does not believe that he deserves further imprisonment as a matter of retributive justice. And in prison, aside from his coursework and mentorship experience, Reyes seems to have followed the rules: he has committed no prison infractions that the Court is aware of. The Court is satisfied that the amount of punishment Reyes has already served is commensurate with his culpability; it is unclear what another six or ten years, from the perspective of punishment and retribution, will accomplish.

Nor would requiring Reyes to serve the remainder of his sentence make sense from a utilitarian perspective; that is, the third and fourth grounds. The marginal effect of deterrence decreases with the length of the sentence. *Jackson*, 835 F.2d at 1199 ("We should ask how many 35 year olds would rob a bank if they knew . . . it would mean 20 years in prison . . . compared to . . . life in prison. Probably very few would be deterred by the incremental sentence.") In prison, Reyes has completed numerous programs aimed at aiding reentry, and has both participated and become a leader in BOP-sponsored programs to reduce recidivism. The Court is optimistic that Reyes no longer needs be incapacitated, and that he is no longer a danger to the public. Reyes is no longer a young man, and because of his age he is less likely to re-offend. *Id.* ("We know that criminal careers taper off

with age," and that crimes "that involve a risk of physical injury to the criminal are especially a young man's game.")

Finally, Reyes has achieved educational success in prison. He has earned an associate degree from Coastline Community College, (Reyes Memo. at 26) and has completed coursework in a variety of subjects. (*Id.* at 33–36.) And he has earned certifications in food safety and tutoring. (*Id.* at 38–43.) Reyes has attached several letters to his Motion indicating job offers after his release. (*Id.* at 46–48.) This shows that he has taken advantage of the educational and vocational opportunities available to him while incarcerated, and now it would be best if he put the skills he obtained to use in his community.

### III. <u>CONCLUSION</u>

Accordingly, the Court finds that the § 3553(a) factors and the Sentencing Commission's policy statements, considered in concert, allow the Court to use its discretion to find Reyes qualified for compassionate release based on extraordinary and compelling circumstances.

Granting Reyes's petition will not, as the Government claims, "mark a profound alteration of the sentencing scheme carefully designed by Congress." (Resp. at 9.) The Government argues that by granting Reyes compassionate release, the Court is effectively exercising parole power or clemency power, both of which are

outside the judiciary's domain. The Government argues that a "judge could, for instance, impose a mandatory sentence as dictated by Congress and then reduce it by declaring such a mandatory sentence to be 'extraordinary' in the particular case." (*Id.*) This is overblown. As stated above, the Sentencing Commission's policy statements note that courts are in a unique position to decide when circumstances are extraordinary and compelling. This discretion serves not to undermine Congress' power, but to complement it and ensure that sentences are fair, just, and serve their intended purposes. Despite having broad discretion to decide what counts as extraordinary and compelling under the Sentencing Commission's policy guidelines, the § 3553(a) factors still cabin courts' discretion. These constraints prevent such power from being abused.

In granting compassionate release, the Court does not make light of Reyes's crime. It is very serious. But 15 years is a long time, and it is clear that Reyes has become a different and better man. When Reyes went to prison, he was 35. Now he is 50. And he has served the majority of his sentence. *Jackson,* 835 F.2d at 1200 ("A civilized society locks people up such people until age makes them harmless."). The Court finds that Reyes has demonstrated family circumstances and rehabilitation that allow for a sentence adjustment based on extraordinary and compelling circumstances;

because Reyes has served most of his sentence already, the Court finds that these circumstances allow an early release.

Accordingly, the Court finds that extraordinary and compelling circumstances exist in Reyes's case. Further, the Court finds that a sentence reduction comports with the policy statements promulgated by the United States Sentencing Commission and the factors listed in 18 U.S.C. § 3553(a). For these reasons, the Court uses its discretion to grant Reyes a sentence reduction and compassionate release.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: 4/3/2020